UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CV-61204-GAYLES/STRAUSS

LIST INDUSTRIES, INC.,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PROHIBIT ACCOUNTANT-CLIENT PRIVILEGED DOCUMENTS FROM BEING PRODUCED IN RESPONSE TO SUBPOENA TO NON-PARTY, RSM US LLP, FOR AN *IN CAMERA* REVIEW, AND TO LIMIT DEPOSITION TOPICS AT FEBRUARY 4, 2021 DEPOSITION (DE 73)**

**THIS CAUSE** came before me upon Plaintiff's Motion for Protective Order to Prohibit Accountant-Client Privileged Documents from Being Produced in Response to Subpoena to Non-Party, RSM US LLP, for an *In Camera* Review, and to Limit Deposition Topics at February 4, 2021 Deposition ("Motion"). (DE 73). Pursuant to 28 U.S.C. § 636, the District Court has referred to me for appropriate action all discovery matters in this case. (DE 63). I have carefully reviewed the Motion, the Response (DE 75), the Reply (DE 79) and the record. Being otherwise duly informed, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

**I.**     **BACKGROUND**

On June 16, 2017, Defendant removed this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (DE 1). Plaintiff filed a five-count Amended Complaint, on August 23, 2017, seeking to recover monies stolen by an assistant comptroller, Mr. Salvatore Ciaramitaro, who had worked for Plaintiff since 1997. (DE 14). On September 11,

1

2018, the District Court granted in part and denied in part Defendant's Motion to Dismiss, dismissing all of Plaintiff's claims except for Count III – Violation of U.C.C. Article 4, Fla. Stat. § 674.401, which prohibits a bank from making payment on a check not properly payable, e.g., if the endorsement is forged. (DE 36). The parties have engaged in discovery, and the case has been set for trial beginning on July 19, 2021 (DE 63), with a fact discovery deadline of February 8, 2021 (DE 72).

On January 22, 2021, Plaintiff filed its Motion seeking, in part, a protective order, pertaining to a revised non-party subpoena duces tecum served on January 19, 2021 upon RSM US LLP ("RSM")[1], to preclude production of documents that Plaintiff asserts are privileged under the accountant-client privilege (DE 73). Plaintiff states that Defendant, while reserving its full request for documents, narrowed its immediate request for documents to: (1) Engagement letters/contracts; (2) Management comment letters; (3) Management representation letters; and (4) Plaintiff's demand letter and any response by RSM.[2] (DE 73 at 2). On January 19, 2021, RSM's counsel provided responsive documents to Plaintiff's counsel. Plaintiff submitted a privilege log ("Privilege Log") listing the documents ("Withheld Documents").[3] (DE 73-3).

Defendant argues that the accountant-client privilege does not apply; or, alternatively, the documents listed on the Privilege Log fall within exceptions to the privilege. (DE 75). First,

---

[1] "RSM US LLP is a limited liability partnership and the U.S. member firm of RSM International, a global network of independent audit, tax and consulting firms. The member firms of RSM International collaborate to provide services to global clients, but are separate and distinct legal entities that cannot obligate each other. Each member firm is responsible only for its own acts and omissions." RSM, https://rsmus.com/ (last visited January 30, 2021).

[2] Plaintiff settled with RSM relative to the embezzlement involving Mr. Ciaramitaro. (DE 75 at 2).

[3] Plaintiff describes the documents as various types of "Letters," which pertain to 2013, 2014, and 2015 financial reporting periods. (DE 73-3).

Defendant argues that Plaintiff's mere allegation that the Withheld Documents were not intended to be disclosed to third parties is insufficient to qualify the documents as confidential under the applicable statute. *Id.* at 3. Second, Defendant argues that statutory exceptions to the accountant-client privilege apply here. *Id.* at 4-5. Third, Defendant argues that Plaintiff put the information "at issue," thereby waiving any privilege. *Id.* at 5. I address each of Defendant's arguments in turn.

## II. LEGAL STANDARDS

State substantive law applies when the Court is sitting in diversity jurisdiction. *Mesa v. Clarendon Nat. Ins. Co.*, 799 F.3d 1353, 1358 (11th Cir. 2015). A party invoking a privilege must establish its applicability. *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003). Accountant-client privilege statutes are narrowly construed. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick*, 742 So. 2d 328, 330 (Fla. 3d DCA 1999), *approved*, 765 So. 2d 36 (Fla. 2000). Florida's accountant-client privilege is set forth as part of the evidence code § 90.5055, Fla. Stat., and in Florida Statute's Section on "Public Accountancy," § 473.316, Fla. Stat., which states in relevant part:

> **473.316. Communications between the accountant and client privileged**
>
> (1) For purposes of this section:
>
> (a) An "accountant" is a certified public accountant.
>
> (b) A "client" is any person, public officer, corporation, association, or other organization or entity, either public or private, who agrees with an accountant or accountant's employer to receive professional services.
>
> (c) A communication between an accountant and her or his client is "confidential" if it is not intended to be disclosed to third persons other than:
>
> 1. Those to whom disclosure is in furtherance of the rendition of accounting services to the client.

>    2. Those reasonably necessary for the transmission of the communication.
>
> . . .
>
> (2) A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.

Fla. Stat. § 473.316 (1)(a), (b), (c); Fla. Stat. § 90.5055 (same).

There are statutory exceptions to the accountant-client privilege. For example, the privilege does not exist when: "(a) [t]he services of the accountant were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or should have known was a crime or fraud[; or] (b) [a] communication is relevant to an issue of breach of duty by the accountant to her or his client or by the client to her or his accountant." Fla. Stat. § 473.316(4)(a), (b); Fla. Stat. § 90.5055 (same).

Additionally, "[t]he accountant-client privilege may be waived by the client." *Savino v. Luciano*, 92 So. 2d 817, 819 (Fla. 1957). "The justification for the privilege lies not in the fact of communication, but in the interest of the persons concerned that the subject matter should not become public." *Id.* (internal quotation marks and citation omitted). Thus, a party waives the privilege if it "ceases to treat a matter as confidential." *Id.*

Also, a party waives the accountant-client privilege "if it injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Cox v. Adm'r. U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir.), *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994).

### III. ANALYSIS

#### A. Documents

First, contrary to Defendant's allegation that the privilege does not apply, I find that Withheld Documents are covered by the privilege. Plaintiff asserts that the Withheld Documents are privileged and that it has not waived the privilege. (DE 73 at 2-3). Further, having conducted an *in camera* review of the documents (DE 77), I find that the privilege applies to all of the Withheld Documents because (1) the entity providing services is a certified public accounting ("CPA") firm; (2) Plaintiff agreed to receive professional services from CPAs employed by the firm; and (3) the documents on their face are not intended to be disclosed to third parties and represent communications "made in the rendition of accounting services to the client." *See Deloitte, Haskins & Sells v. Southern Finance Holding Corp.*, 566 So.2d 906 (Fla. 4th DCA 1990) (quashing circuit court order requiring discovery of financial records and holding, in part, that the party seeking to overcome the privilege must demonstrate that the party invoking the privilege waived it).

Second, statutory exceptions to the privilege do not apply here. Defendant asserts that Plaintiff's CPA's, and not Defendant, are "the proximate cause of [Plaintiff's] damages." (DE 75 at 4-5) (citing Fla. Stat. § 90.5055(4)(b)). Thus, Defendant argues that, because the documents are relevant to RSM's breach of duty to Plaintiff in failing to discover the theft, it will be prejudiced by an inability to review the Withheld Documents. (DE 75 at 4-5). Defendant cites no case law that the exception in Fla. Stat. § 90.5055(4)(b) applies to allow a third-party such as Defendant to access otherwise privileged information because there was a dispute between an accountant and the accountant's client involving a breach of duty by the accountant to the client, and I otherwise find none. In fact, there is a dearth of case law on Florida's accountant-client privilege. *See Bivins*

5

*v. Rogers*, 207 F. Supp. 3d 1321, 1330 (S.D. Fla. 2016) (noting that there is little case law on the privilege). Nonetheless, analogizing to very similar language in the Florida Statutes governing the attorney-client privilege, I find that the statute should be read to prevent the privilege from being asserted in a dispute *between* the accountant and the client involving a breach of duty, e.g., for malpractice. *United Servs. Auto. Ass'n v. Law Offices of Herssein & Herssein, P.A.*, 233 So.3d 1224, 1228–29 (Fla. 3d DCA 2017) ("The 'malpractice exception' to the privilege is codified in section 90.502(4)(c), which provides that '[t]here is no lawyer-client privilege ... when ... [a] communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship.'"); *see also Volpe v. Conroy, Simberg & Ganon*, P.A., 720 So. 2d 537, 539 (Fla. DCA 1998). Accordingly, I find that the statutory exception codified in § 90.5055(4)(b) does not apply to the instant case.

Likewise, despite Defendant's argument otherwise, the crime-fraud exception codified in Fla. Stat. § 90.5055(4)(a) also does not apply here. *See* DE 75 at 5 (stating "it is likely that [Mr. Ciaramitaro] used RSM's services to commit fraud"). Defendant is not bringing a claim, or a counterclaim, that Plaintiff used RSM's services to plan or commit a crime or fraud upon Defendant. *See Multinational Force & Observers v. Arrow Air, Inc.*, 662 F. Supp. 162, 163 (S.D. Fla. 1987) (finding that the accountant-client privilege did not apply because central to the case was whether defendant had fraudulently induced the plaintiff to enter into a contract without having the requisite financial capacity to perform and used services of the accountant to perpetrate the fraud); *see also Kadiyala v. Pupke*, No. 17-80732-CIV, 2019 WL 4262574, at *3 (S.D. Fla. Sept. 9, 2019) (finding analogy to crime-fraud exception in attorney-client privilege reasonable by requiring a prima facie showing that: (1) a client was involved in criminal or fraudulent conduct when receiving services; and (2) the services were obtained in furtherance of, or were closely

6

related to, the criminal or fraudulent activity). Defendant cites no authority, and I find none, to support Defendant's theory that Plaintiff's employee's alleged commission of a crime or fraud against Plaintiff (and, therefore, necessarily without Plaintiff's permission or knowledge) should cause Plaintiff to lose its privilege. Accordingly, I conclude that the crime-fraud exception set forth in § 90.5055(4)(a) does not apply to the facts in this case.

Third, Defendant argues that Plaintiff has put the privileged information at issue, and thus waived the privilege, because "[Plaintiff] will presumably rely on these communications" in order to "defeat [Defendant's] affirmative defenses." (DE 75 at 5). Defendant also asserts that the Withheld Documents are "critical to causation, damages and [Defendant's] defenses." (DE 75 at 2-3). "'[T]he rule in Florida [is] that a party who bases a claim on matters which would be privileged, the proof of which will necessitate the introduction of privileged matter into evidence, and then attempts to raise the privilege so as to thwart discovery, may be deemed to have waived that privilege.'" *Choice Rest. Acquisition Ltd. v. Whitley, Inc.*, 816 So. 2d 1165, 1167 (Fla. 4th DCA 2002) (quoting *Home Insurance Co. v. Advance Machine Co.*, 443 So.2d 165, 168 (Fla. 1st DCA 1983) and holding that mere relevance does not overcome Florida's statutory accountant-client privilege).

Here, Defendant's "presumption" that Plaintiff will rely on the communications is speculative and without merit. Nothing in Plaintiff's claims will necessitate introduction of the privileged matter into evidence. Also, although Defendant arguably demonstrates that the Withheld Documents are relevant, relevance alone is insufficient to overcome the accountant-client privilege. In fact, "a court cannot justify finding a waiver of the privilege merely because the information sought is needed by the opposing party to provide information helpful to cross examination or for the defense of a cause of action." *Id.* Because Plaintiff is not basing a claim

7

or defense on privileged matter and then raising the privilege to preclude discovery, and because the relevance of the subject documents to Defendant's defense is insufficient to justify waiver under the "at issue" doctrine, Defendant's arguments Plaintiff waived the privilege fail.

### B. Deposition

Plaintiff's Motion also requests a protective order to "limit[ ] the deposition topics at RSM's February 4, 2021 deposition so as not to infringe on the accountant-client privilege." *Id.* at 4. The specific questions that Defendant will ask, however, are unknown, and the Court cannot address whether such questions will call for a response barred by privilege without knowing the questions themselves. For this reason, counsel for all parties should adhere to the Federal Rules of Civil Procedure to make and record proper objections. Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). Moreover, I decline to address the request in Plaintiff's Reply that I consider RSM's Responses and Objections to the subpoena in analyzing Plaintiff's Motion. (DE 79 at 3). Plaintiff failed to make a motion seeking relief specific to this information, and a reply is an improper means to introduce such a request.

## IV.     CONCLUSION

Plaintiff's Motion (DE 73) is **GRANTED** to the extent that it requests *in camera* inspection of the documents listed on the Privilege Log and a protective order precluding discovery of those documents; otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on the 1st day of February 2021.



Jared M. Strauss
United States Magistrate Judge

Copies furnished to:

All Counsel of Record